IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SUSAN CARTY                          :           CIVIL ACTION
                                     :
        v.                           :
                                     :
JAMES E. CLARK. et al.               :           NO.  11-6083

## REPORT AND RECOMMENDATION

THOMAS J. RUETER                                 June 14, 2012
United States Magistrate Judge

    Presently before the court is plaintiff's Motion to Enforce Settlement (Doc. 16)

(the "Motion") and defendants' opposition thereto (Doc. 19).  This Motion was referred to the

court by the Honorable Eduardo C. Robreno on June 6, 2012.  Today, the court held a hearing on

the Motion.  For the reasons that follow, the court recommends that the Motion be **GRANTED**

**IN PART** and **DENIED IN PART**.

    The court makes the following:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

    1.      On April 5, 2012, plaintiff executed a release, a copy of which is attached

as Ex. A to plaintiff's Motion, pursuant to which plaintiff agreed to settle the above-captioned

case for the sum of $90,000.00 (the "Release").

    2.      The Release provides, inter alia,:

[T]he Settlement Amount of $90,000.00 shall be held in escrow by Campbell,
Campbell, Edwards & Conroy, counsel for the Releasees, until the Releasor,
through her counsel, provides to counsel for the Releasees a Final Demand Letter
from the Centers for Medicare and Medicaid Services ("CMS"), the Medicare
Secondary Payer Recovery Contractor ("MSPRC"), or other governmental agency

responsible for the administration of Medicare indicating the final amount owed to satisfy any and all liens, including Medicare liens. Upon receipt of said letter, the Settlement Amount will be released to the Releasor and her attorney.

Release at 2-3.

3.     The Release also includes a hold harmless and indemnification provision, whereby plaintiff agrees to indemnify defendants for any claim made by CMS for any recovery sought by Medicare for any lien. See Release at 2.

4.     In accordance with Medicare Secondary Payer Recovery Claim Process, plaintiff's counsel promptly forwarded the executed Release to Medicare. The Release set forth the date of the settlement and the settlement amount. Plaintiff's counsel also provided the amount of attorney fees and other costs borne by the plaintiff in pursuit of the litigation. See www.cms.gov/MSPRecovClaimPro (outlining the claim process).

5.     On May 1, 2012, plaintiff received a Final Demand Letter from the MSPRC. Attached to this Final Demand Letter was an itemization of all payments made by Medicare on behalf of plaintiff to the various medical providers. In the letter, the MSPRC set forth the amount it sought from plaintiff for reimbursement, and demanded payment by June 29, 2012. At the hearing today, defense counsel agreed that Exhibit B attached to plaintiff's Motion is the Final Demand Letter he received from plaintiff's counsel. Defense counsel received this Final Demand Letter on or about May 1, 2012.

6.     Defense counsel also agreed at the hearing today that the language of the Release as it pertains to the Final Demand Letter, as set forth above, is unambiguous.

7.     According to the plain language of the release, as set forth above, defendant's law firm had the obligation to release the $90,000 to plaintiff's counsel upon receipt

2

of the Final Demand Letter.

8.      Despite receiving the Final Demand Letter, defense counsel refused to release the $90,000 held in escrow because the Final Demand Letter did not make reference to an outstanding bill allegedly owed by plaintiff to Chester-Crozer Hospital.

9.      At the evidentiary hearing today, plaintiff's counsel, John Sbarbaro, III, testified that the Chester-Crozer Hospital bill was submitted to Medicare for payment on four occasions, September 24, 2009, January 31, 2011, March 5, 2011, and October 26, 2011 and was rejected for payment by Medicare after each submission.

10.     The court credits Mr. Sbarbaro's testimony and finds that the Chester-Crozer Hospital bill is not a Medicare lien, because Medicare did not make payment on this medical bill.  While defendants speculate that, despite the Final Demand Letter, Medicare may one day pay the Chester-Crozer Hospital bill and seek reimbursement from plaintiff and/or defendants, this concern does not justify the abdication of their clear obligation under the Release to pay the $90,000 to plaintiff now.  As the Pennsylvania Superior Court has held, defendants cannot assert "Medicare's right to reimbursement as a preemptive means of guarding against [their] own risk of liability." Zaleppa v. Seiwell, 9 A.3d 632, 638 (Pa. Super. Ct. 2010).

11.     Under the clear and unambiguous terms of the Release, defense counsel must release the $90,000 to plaintiff.

12.     Because the Release is clear and unambiguous, the court cannot consider the extrinsic or parole evidence offered by defendants.  It is well established that a settlement agreement is a contract that must be interpreted and enforced according to principles of contract law. In re Columbia Gas System Inc., 50 F.3d 233, 238 (3d Cir. 1995); Lesko v. Frankford

3

Hospital-Bucks Cnty, 15 A.3d 337, 341-42 (Pa. 2011). The intent of the parties to a contract can be ascertained by examining the written agreement. Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604, 613 (3d Cir. 1995). When the words of the contract are clear and unambiguous, the intent of the parties must be determined without extrinsic or parole evidence. Bohler-Uddeholm Amer., Inc. v. Ellwood Group, Inc., 247 F.3d 79, 92-93 (3d Cir. 2001); Mellon Bank, N.A. v. Aetna Bus. Credit, Inc., 619 F.2d 1001, 1010 n. 9 (3d Cir. 1980); Lesko, 14 A.3d at 342. Moreover, the Release contains an integration clause, stating that the written Release is the whole agreement among the parties. See Release at 4. Under Pennsylvania law, "in the absence of any claims of fraud, mistake or accident, parole evidence will not be admitted to vary the terms" of an integrated settlement agreement. Devore v. City of Philadelphia, 2008 WL 1793482, at *6 (E.D. Pa. Apr. 15, 2008) (Robreno, J.).

13.     Therefore, the court recommends that defense counsel be ordered to release immediately to plaintiff the $90,000 held in escrow in accordance with the terms of the Release.

14.     The court further recommends that plaintiff's request for attorney fees and sanctions be denied, as this court finds that defendants did not act in bad faith, vexatiously, wantonly, or for oppressive reasons. See Atwell v. U.S. Air, 1990 WL 167955, at *1 (E.D. Pa. Oct. 29, 1990) (denying request for attorney fees where defendant's delay in payment under settlement agreement was not in bad faith). However, as noted in the Final Demand Letter, if Medicare is not reimbursed by plaintiff by June 29, 2012, for the amounts specified in the Final Demand Letter, plaintiff will be required to pay interest at the rate of 10.875% per year. Should defendants fail to release to plaintiff the $90,000 held in Escrow pursuant to the Release in

4

sufficient time for plaintiff to make a timely payment to Medicare, the court recommends that

defendants be ordered to pay the amount of interest incurred by plaintiff.

For all the above reasons, the court makes the following

## RECOMMENDATION

AND NOW, this 14th day of June, 2012, the court respectfully recommends that

the Motion be GRANTED IN PART and DENIED IN PART as set forth above.

The defendants may file objections to the Report and Recommendation.  See Loc.

R. Civ. P. 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.


BY THE COURT:


__/s/  Thomas J. Rueter_____
THOMAS J. RUETER
United States Magistrate Judge

5